This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Chestin Jesse Wengerd appeals the order of the Wayne County Court of Common Pleas, Juvenile Division, finding the minor Joseph Miles ("Joey") to be an abused child under R.C. 2151.031(C) and (D). This Court reverses.
 I.
On June 21, 2001, nine-year old Joey bit his four month old half sibling Cody on the face, leaving a mark. The next day appellant, Joey's mother, and her fiancée Norman Baldwin (Cody's father) discussed the incident and decided on a punishment for Joey. Appellant gave Joey the option of paddling or being bitten in the face by Baldwin. Joey chose the latter option, whereupon Baldwin bit Joey in the face. Baldwin's bite left marks from his upper and lower teeth. Joey's injury was reported to the Wayne County Children Services Board ("CSB") and an investigation was commenced.
On June 27, 2001, CSB filed a complaint alleging that Joseph was an abused child under R.C. 2151.031(C) and (D). The matter proceeded to an adjudicatory hearing on August 17, 2001.
On August 20, 2001, the trial court concluded that Joey was an abused child. A dispositional hearing was convened on September 6, 2001, and the trial court subsequently placed Joey under the protective supervision of CSB until June 27, 2002, and prescribed compliance with the case plan developed by CSB.
Appellant has timely appealed, raising three assignments of error.
 II. ASSIGNMENT OF ERROR ONE "THE TRIAL COURT ERRED BY HOLDING THAT CHILD WAS AN ABUSED CHILD UNDER R.C. 2151.031(C)."
 ASSIGNMENT OF ERROR TWO "THE TRIAL COURT ERRED BY HOLDING THAT CHILD WAS AN ABUSED CHILD UNDER R.C. 2151.031(D)."
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
Appellant claims that the trial court erred when it determined Joey was an abused child under R.C. 2151.031. Specifically, appellant claims that Joey was bitten on his face as an act of corporal punishment meant to modify his behavior and not impart abuse.
The act of biting a child's cheek by an adult is clearly inappropriate. Nevertheless, the issue is whether the act created "a substantial risk of serious physical harm to the child." See State v.Burdine-Justice (1998), 125 Ohio App.3d 707, 714; State v. Ivey (1994),98 Ohio App.3d 249, 257.
R.C. 2901.01(A)(8) defines "substantial risk" as "a strong possibility that a certain result may occur." Appellee acknowledges that "[o]ne can only speculate" as to the child's rationale for not complaining about his injuries. We cannot speculate. See State v. White (1999),85 Ohio St.3d 433, 451 (declining to speculate where record does not contain evidence as to defendant's assertion). Accordingly, the record must contain some evidence that the act created a substantial risk of serious physical harm.
Additionally, appellee argues that the bruising is an indication of serious physical harm. In this case, the alleged serious physical harm was "any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain." See R.C. 2901.01(A)(5)(e). However, the record does not contain any evidence that acute pain resulted of any lasting duration to result in substantial suffering, or that it lasted for an extended period of time or was intractable.
Although this act may be inappropriate and unwarranted, it did not rise to the level of being an offense of child abuse. Accordingly, appellant's first and second assignments of error are sustained, and the trial court's finding of abuse is reversed.
 ASSIGNMENT OF ERROR THREE "THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTION TO DISMISS THE COMPLAINT AT THE CLOSE OF THE STATE'S CASE FOR THE REASON THAT THERE WAS INSUFFICIENT COMPETENT EVIDENCE TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD WAS AN ABUSED CHILD UNDER R.C. 2151.031(C) OR (D) AS THE STATE'S CASE WAS GROUNDED ON INADMISSIBLE HEARSAY EVIDENCE WHICH DENIED APPELLANT DUE PROCESS OF LAW."
This Court need not address Appellant's third assignment of error as it has been rendered moot by our disposition of the first and second assignments of error. See App.R. 12(A)(1)(c).
Judgment reversed.
SLABY, P.J., WHITMORE, J. CONCURS.